**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Nutrition Corp, Inc., dba FreshNLean,<br><br>              Debtor. | Chapter 7<br><br>Case No. 1:24-bk-01672-HWV |
| KARA KATHERINE GENDRON, in her capacity as Chapter 7 Trustee,<br><br>         Plaintiff,<br><br>    v.<br><br>NF SOLUTIONS, LLC d/b/a COLDTRACK<br><br>        Defendant. | **Adv. Pro. No. 1:26-ap-00013-HWV** |

## <u>AMENDED ADVERSARY COMPLAINT</u>

Kara Katherine Gendron, in her capacity as the chapter 7 trustee (the "<u>Trustee</u>") for the estate of Nutrition Corp, Inc. dba FreshNLean (the "<u>Debtor</u>" or "<u>FNL</u>"), hereby files this amended adversary complaint (the "<u>Amended Complaint</u>") against NF Solutions, LLC d/b/a ColdTrack ("<u>ColdTrack</u>"), to avoid or recover certain transfers made by Debtor, as set forth in **Exhibit A**, to or for the benefit of ColdTrack, and alleges the following facts and claims upon information and belief based on reasonable due diligence in the circumstances of the Debtor's case and the documents and information presently available:

## <u>NATURE OF ACTION</u>

1. Trustee seeks a money judgement relating to one or more avoidable transfers (the "<u>Transfers</u>") identified on **Exhibit A**, attached hereto and incorporated by reference as if set forth

1

herein, that were made by the Debtor to or for the benefit of ColdTrack during the ninety (90) day period preceding the commencement of the Debtor's bankruptcy case (the "Preference Period").

2. The Trustee seeks entry of a judgment against ColdTrack: (i) avoiding any preferential transfer to or for the benefit of ColdTrack pursuant to 11 U.S.C. § 547(b); (ii) directing ColdTrack to pay the Trustee an amount to be determined at trial that is not less than the amount of the avoidable transfers, plus interest and costs pursuant to 11 U.S.C. § 550(a); and (iii) granting such other relief.

## JURISDICTION AND VENUE

3. This adversary proceeding arises in and relates to the chapter 7 case *In re Nutrition Corp, Inc. dba FreshNLean,* which is pending before the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Court"), Case No. 24-01672-HWV.  As such, the Court has original jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This adversary proceeding is a "core" proceeding under 11 U.S.C. §157(b)(2)(A), (F) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  To the extent, if at all, this Amended Complaint does not involve a core proceeding, the Plaintiff consents to the entry of final judgment and a rendition of legal conclusions by this Court.

5. This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## THE PARTIES

6. Plaintiff brings this action solely in her capacity as the chapter 7 trustee of the bankruptcy estate of the Debtor and has standing to assert these claims under section 547 of title 11 of the United States Code (the "Bankruptcy Code").

2

7.     Upon information and belief, Defendant NF Solutions, LLC d/b/a ColdTrack is a Delaware limited liability company with its principal place of business located at 145 Talmadge Road, Edison, NJ 08817.

## FACTS

8.     On July 8, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under chapter 7 of the Bankruptcy Code.

9.     On July 9, 2024, Kara Katherine Gendron was duly appointed as the Trustee of the Debtor's bankruptcy estate.

10.     Prior to the Petition Date, the Debtor was engaged in the meal preparation business. Debtor prepared and delivered organically sourced, fresh meals to individual consumers nationwide. Debtor's meals were delivered ready to eat without any needed preparation.

11.     In connection with its operations, Debtor engaged entities such as ColdTrack to facilitate the delivery of its meals from its warehouse to its customers.

12.     Debtor's books and records reflect that Debtor made transfers to ColdTrack during the 90-day Preference Period of April 9, 2024 through July 8, 2024, totaling $305,012.23 (the "Transferred Funds"). The date and amount of each transfer are provided in **Exhibit A** attached hereto.

13.     On or around January 8, 2026, the Trustee, by and through her counsel, sent ColdTrack a demand letter in an attempt to recover the Transfers without resorting to litigation. ColdTrack failed to respond to the letter, necessitating this action.

14.     The Trustee seeks to avoid all of the transfers of any interest in the Debtor's property made by the Debtor to ColdTrack during the Preference Period.

15.     During the course of this proceeding, the Trustee may learn (through discovery or

3

otherwise) of additional transfers made to ColdTrack during the Preference Period or that are otherwise avoidable under other provisions of the Bankruptcy Code. The Trustee intends to avoid and recover all avoidable transfers made by the Debtor of an interest in property of the Debtor to or for the benefit of ColdTrack.

16. To the extent that the Debtor's books and records do not accurately identify all transfers made by the Debtor of an interest in the Debtor's property, the Trustee reserves her right to further amend this Amended Complaint to include: (i) further information regarding the Transfers; (ii) additional transfers; (iii) additional defendants; and/or (iv) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to the Trustee at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the original complaint.

## CLAIMS FOR RELIEF

### COUNT I – TO AVOID PREFERENTIAL
### TRANSFERS PURSAUNT TO 11 U.S.C. § 547(b)

17. The Trustee restates, reiterates, and reaffirms each of the foregoing allegations of this Amended Complaint as if fully set forth herein.

18. The Trustee and her professionals reviewed the Debtor's books and records to determine whether certain pre-petition transfers qualified as preferential transfers and evaluate reasonably knowable affirmative defenses available to ColdTrack. Based upon such review, the Trustee has determined that the Transfers are subject to avoidance and recovery.

19. During the Preference Period, the Debtor made the Transfers to, or for the benefit of, ColdTrack in the amounts set forth in Exhibit A, which is incorporated by reference as if fully set forth herein.

20. The Transfers were made during the ninety (90) days preceding the Petition Date

4

and satisfy the definition of "transfers" as that term is defined in 11 U.S.C. § 101(54).

21. During the Preference Period and at the time of the Transfers, ColdTrack was a creditor of the Debtor within the meaning of section 547(b)(1) of the Bankruptcy Code by virtue of supplying goods, services and/or loans for which the Debtor was obligated to make payments.

22. According to the Debtor's books and records, and after reasonable due diligence, the Transfers were made to, or for the benefit of, ColdTrack because the Transfers either reduced or fully satisfied a debt or debts then owed by the Debtor to ColdTrack.

23. The Debtor owed the antecedent debt and caused the Transfers to be made for or on account of that antecedent debt. The Transfers were made from funds in an account maintained by the Debtor, and as such, were a transfer of an interest in property of the Debtor.

24. The Transfers were made while the Debtor was insolvent. The Debtor is entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

25. Further, the Debtor's liabilities exceeded the value of the Debtor's assets during the Preference Period, as evidenced by, among other things: (i) the Petition; (ii) the Schedules; and (iii) the proofs of claim that have been filed against the Debtor's estate.

26. The Trustee estimates that creditors will receive less than full value on account of their allowed claims against the Debtor's estate.

27. The Transfers enabled ColdTrack to receive more than it would receive under Debtor's chapter 7 case if the Transfers had not been made, and if ColdTrack received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

28. ColdTrack was either the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or the immediate or mediate transferee of the initial transferee of

the Transfers.

29. By reason of the foregoing, the Transfers should be avoided and set aside as preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

**COUNT II – TO RECOVER AVOIDABLE**
**TRANSFERS PURSUANT TO 11 U.S.C. § 550**

30. The Trustee restates, reiterates, and reaffirms each of the foregoing allegations of this Amended Complaint as if fully set forth herein.

31. The Trustee is entitled to avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code.

32. ColdTrack was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the entity for whose benefit the Transfers were made.

33. Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover from ColdTrack an amount to be determined at trial that is not less than the total value of the Transfers, including the Transferred Funds, interest thereon accruing from the date of demand for the return of the Transferred Funds to the date of recovery by the Trustee, plus the costs of prosecuting this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests that this Court enter judgment against ColdTrack:

    a. avoiding the Transfers pursuant to section 547(b) of the Bankruptcy Code

    b. directing ColdTrack to pay the Trustee an amount to be determined at trial that is not less than the Transferred Funds pursuant to section 550(a);

    c. awarding prejudgment interest at the maximum legal rate running from the date of demand for return of the Transferred Funds to the date of the judgment with respect to this Amended Complaint (the "Judgment");

    d. awarding post-judgment interest at the maximum legal rate running from the Judgment until the Judgment is paid in full, plus costs;

e. requiring ColdTrack to pay forthwith the amount of the Judgment, interest, and costs;

f. awarding attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

g. granting the Trustee such other and further relief as the Court deems just and proper.

Dated: May 26, 2026
     New York, New York

Respectfully submitted,

*/s/ Stephanie DiVittore*

Stephanie DiVittore
**BARLEY SNYDER LLP**
275 Grandview Avenue, Suite 201
Camp Hill, PA 17011
Tel: (717) 231-6603
sdivittore@barley.com

-and-

*/s/ Scott B. Lepene*

Scott B. Lepene
Carolyn Indelicato
**ARENTFOX SCHIFF LLP**
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Tel: (212) 484-3900
Scott.Lepene@afslaw.com
Carolyn.Indelicato@afslaw.com

-and-

Annie Y. Stoops
**ARENTFOX SCHIFF LLP**
555 S. Flower Street, 43rd Floor
Los Angeles, CA 90071
Tel: (213) 629-7400
Annie.Stoops@afslaw.com

*Special Counsel to Kara Katherine Gendron, in her capacity as the Trustee*

7